**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **KAREN LEE** )<br>)<br>      **Plaintiff,** )<br>   **vs.** )<br>)<br>**SCREENING REPORTS, INC.** )<br>)<br>      **Defendant.** )<br>) | **Civil Action No.** |

## COMPLAINT

### I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

### II.    PARTIES

2. Plaintiff Karen Lee is an adult individual residing in the State of Michigan.

3. Defendant Screening Reports, Inc. ("Screening") is a consumer reporting agency that regularly conducts business in the Eastern District of Michigan and has a principal place of business located at 220 Gerry Drive, Wood Dale, IL 60191.

### III.    JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. §1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## IV. STATEMENT OF FACTS

5. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

6. The inaccurate information includes a false criminal history labeling the Plaintiff as a convicted felon and personal identifying information.

7. The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as a convicted felon because Defendant did not report the most current and up to date information concerning the criminal record.

8. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

9. Plaintiff has applied for and has been denied housing opportunities, including but not limited to, housing opportunities with Wellington Square in November 2018. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for those denials.

10. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

11. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

12. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.     CLAIMS
## COUNT I - FCRA

13. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

14. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

15. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

16. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

17. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

18. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.     JURY TRIAL DEMAND

19. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

and

E. Such other and further relief as may be necessary, just and proper.

.
Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   _/s/ Geoffrey H. Baskerville_
GEOFFREY H. BASKERVILLE, ESQUIRE
1600 Market Street, 25th Floor
Philadelphia, PA 19103
(215) 735-8600
Attorneys for Plaintiff

Dated: December 19, 2018

4